Slip Op. 07-19

UNITED STATES COURT OF INTERNATIONAL TRADE

JULIE NGUYEN,

                    Plaintiff,

          v.                                          Before: Leo M. Gordon, Judge

UNITED STATES SECRETARY                               Court No. 06-00138
OF AGRICULTURE,

                    Defendant.

**OPINION AND ORDER**

[Defendant's motion for judgment on the agency record denied; case remanded.]

Dated:  February 5, 2007

          Wilmer Cutler Pickering Hale and Dorr LLP (John D. Greenwald and Lynn M. Fischer Fox) for the Plaintiff.

          Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Richard P. Schroeder), for the Defendant.

          Gordon, Judge:   The court has jurisdiction over this action pursuant to Section 142 of the Trade Act of 2002, as amended, 19 U.S.C. § 2395 (Supp. 2004).[1] Plaintiff Julie Nguyen, a shrimper from Texas, challenges the denial of trade adjustment assistance ("TAA").  Defendant United States Secretary of Agriculture moves to dismiss for failure to state a claim upon which relief can be granted pursuant to USCIT R. 12(b)(5), arguing that Plaintiff's application for TAA was untimely.

          Pursuant to its discretion under USCIT R. 12(b), the court has converted Defendant's motion to dismiss for failure to state a claim upon which relief can be

---

[1]All further citations to the Trade Act of 1974, as amended by the Trade Act of 2002, are to the relevant provision in Title 19 of the U.S. Code, 2004 Supplement.

granted to a motion for judgment upon the agency record pursuant to USCIT R. 56.1. See USCIT R. 12(b). Prior to converting Defendant's motion, the court provided the parties an opportunity to address the merits in additional submissions.

After reviewing the administrative record the court concludes that Defendant's final determination contains a misstatement of material fact that precludes the court from evaluating the basis for the agency's action. Accordingly, the court remands the matter to the agency for further consideration of Plaintiff's application in its proper context.

## I. Background

In November 2004 the Foreign Agricultural Service ("FAS") of the United States Department of Agriculture certified shrimpers landing their catch in Texas as eligible to apply for fiscal year 2005 TAA benefits. Trade Adjustment Assistance for Farmers, 69 Fed. Reg. 69,582 (Dep't of Agric. Nov. 30, 2004) (notice of certification). The 90-day period to apply for those benefits began on November 29, 2004, and closed on February 28, 2005. Id.

Plaintiff Julie Nguyen and her husband, Be Nguyen ("Mr. Nguyen"), are Texas shrimpers and joint owners of the shrimping vessel the "Klein Express." On February 17, 2005, Mr. Nguyen timely filed an individual application for fiscal year 2005 benefits with the local Farm Service Agency ("county agent") that administers the TAA program in Jefferson/Orange County, Texas. (Pub. R. at 30.)[2] The county agent granted the application on August 22, 2005, and paid Mr. Nguyen $10,000 in adjustment assistance.

---

[2] The public version of the administrative record is cited as "Pub. R."

After receiving this payment the Nguyens learned that a husband and a wife engaged in a farming operation as a joint venture are both eligible to receive TAA benefits. The Nguyens subsequently submitted a revised application to the county agent on December 29, 2005, listing both Plaintiff and her husband as eligible producers, and re-attaching the certifying documentation submitted with Mr. Nguyen's individual application. (Pub. R. at 1.) The revised application was filed four months after Mr. Nguyen received his $10,000 payment and ten months after the closure of the 90-day application period for fiscal year 2005 benefits.

Upon receiving the revised application, the county agent forwarded it to FAS in Washington D.C. for resolution. In its transmittal letter, the county agent noted three times that the Nguyens' revised application was for the "joint operation" of Be and Julie Nguyen. Letter dated Feb. 21, 2006, from Executive Director Darrell Guidry to FAS Deputy Director (Pub. R. at 27). FAS responded by denying the Nguyens' revised application as untimely, but incorrectly stated that the Nguyens were seeking payments as individuals as opposed to jointly:

> In your letter, you stated that the Nguyen's [sic] requested that their TAA application be revised so that they may receive TAA payments <u>as individuals and not jointly as originally filed</u>. Their request is denied since the application deadline for this petition has expired.

Letter dated Mar. 6, 2006, from FAS Director Robert Curtis to Executive Director Darrell Guidry (Pub. R. at 28) (emphasis added). On April 4, 2006, FAS notified the Nguyens of the denial of their revised application. Letter dated Apr. 4, 2006, from FAS Director Robert Curtis to Be and Julie Nguyen (Pub. R. 29). Plaintiff then commenced this action.

## II. Standard of Review

The court reviews FAS' findings under the "substantial evidence" standard, 19 U.S.C. § 2395(b), which in essence requires the court to consider whether the agency's determination is "unreasonable" given the administrative record as a whole. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006). If the agency misstates material facts in its final determination so that the court cannot evaluate the agency's action, then the proper course is to remand to the agency for further consideration. See Florida Power & Light Co. v. United States Nuclear Regulatory Comm'n, 470 U.S. 729, 744 (1985) ("[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.")

## III. Discussion

The TAA statute provides that payment of "adjustment assistance . . . shall be made to an adversely affected agricultural commodity producer covered by a certification . . . who files an application for such assistance within 90 days after the date on which the Secretary makes a determination and issues a certification of eligibility . . . ." 19 U.S.C. § 2401e(a)(1) (emphasis added). The statute does not address whether the 90-day deadline applies to a TAA recipient's revised application to include the recipient's spouse as part of a joint operation. Id. The TAA regulations, on the other hand, provide that the agency may authorize the county agent "to waive or modify non-statutory application deadlines or other program requirements in cases

where lateness or failure to meet other program requirements by applicants does not adversely affect the operation of the program." 7 C.F.R. § 1580.501 (2005) (emphasis added).

In denying the Nguyens' revised application as untimely, the agency did not address whether an application like Plaintiff's is subject to the 90-day deadline of section 2401e(a)(1), or is instead governed by some non-statutory application deadline, which the agency has the discretion to waive or modify under 7 C.F.R. § 1580.501. This is an issue that the agency, not the court, needs to address in the first instance. See generally Richard J. Pierce, Jr., Administrative Law Treatise § 14.3 at 941 (4th ed. 2002) (noting that court should afford agency first opportunity to interpret an agency-administered statute when "(1) the statutory language is capable of bearing more than one reasonable construction, (2) the choice between or among those alternative constructions is critical to the outcome of the case before the court, and (3) the agency has not previously adopted a construction of the language at issue.")

More fundamentally, the agency's final determination misstates the factual predicate of the Nguyens' revised application. FAS erred in stating that the Nguyens were seeking TAA benefits "as individuals and not jointly as originally filed." Letter dated Mar. 6, 2006, from FAS Director Robert Curtis to Executive Director Darrell Guidry (Pub. R. at 28). FAS has it backwards. Mr. Nguyen originally applied as an individual, and the Nguyens are now applying as a joint operation. See Letter dated Feb. 21, 2006, from Executive Director Darrell Guidry to FAS Deputy Director (Pub. R. at 27). This misstatement requires a remand to the agency for consideration of the revised application in its proper context—a request to obtain benefits for a joint

operation by revising a timely filed individual TAA application that has been granted.

See, e.g., Metallverken Nederland B.V. v. United States, 13 CIT 1013, 1030-31, 728 F. Supp. 730, 743 (1989) (misstatement of material fact by agency required remand for further consideration).

Accordingly, it is ordered that this action is remanded to Defendant for reconsideration of the revised application, and that Defendant shall report its remand results to the court on or before April 10, 2007.  Subsequent to the filing of the Defendant's remand results, the court will conference with the parties to establish a schedule for the submission of comments on those results.

                                               /s/ Leo M. Gordon
                                               Judge Leo M. Gordon


Dated: February 5, 2007
        New York, New York